NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RASHID EL MALIK,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1637

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3770, Chief Judge Robert N. Davis, Judge Coral Wong Pietsch, Judge Margaret C. Bartley.

---

Decided: October 9, 2019

---

RASHID EL MALIK, Palos Verde's Estate, CA, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Veteran Rashid El Malik appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the determination of the Board of Veterans' Affairs ("Board") that El Malik is not entitled to an earlier effective date or a higher disability rating for his service-connected disability. *El Malik v. Wilkie*, No. 16-3770, 2018 WL 4941013 (Vet. App. Oct 12, 2018). For the reasons below, we lack jurisdiction over El Malik's appeal and, therefore, *dismiss*.

## I. BACKGROUND

El Malik served on active duty in the U.S. Army from January 1968 to June 1969. The Department of Veterans Affairs (VA) has since determined that El Malik is partially or fully disabled due to several service-connected conditions, including, as relevant on appeal, left wrist arthritis. *El Malik*, 2018 WL 4941013, at *1. Specifically, the VA granted El Malik a 10 percent disability rating for his left wrist arthritis for the period between April 20, 2005 and July 17, 2014, and a 40 percent rating thereafter. App'x28–32.[1]

El Malik appealed the VA's decision to the Board, arguing that he was entitled to: (1) an earlier effective date for his left wrist arthritis; and (2) a higher disability rating both before and after July 17, 2014. App'x16. Regarding the earlier effective date, El Malik argued that, in September 2003, he submitted a Statement in Support of Claim along with a medical evaluation (together, "the 2003

————————————

[1]    App'x refers to the appendix filed with the government's brief.

Statement") that evidenced a diagnosis of posttraumatic derangement of his left wrist and hand. App'x20. El Malik thus asserted that he was entitled to an effective date of September 23, 2003 for his left wrist arthritis. Regarding a higher disability rating, El Malik argued that he was entitled to a 60 percent rating for the entire period based on the loss of use of his left hand. App'x21.

On October 28, 2016, the Board upheld the VA's determination. First, the Board determined that El Malik was not entitled to an earlier effective date for his left wrist condition because "[n]either a formal nor informal claim for entitlement to service connection for left wrist arthritis, or any other left wrist disability, was received prior to April 20, 2005." App'x17. The Board explained that the 2003 Statement did not constitute a claim for a left wrist disability because medical evidence of a condition alone does not establish a veteran's intent to seek service connection for a disability. App'x20. Nor did El Malik submit a claim along with the 2003 Statement that entitled him to an earlier effective date. And, while El Malik did submit a claim in July 2004 for a wrist and shoulder disability without specifying whether it was his right or left wrist, in April 2005, El Malik submitted additional documents referring to a pending claim only for a *right* wrist and shoulder disability. App'x20.

The Board then determined that El Malik was not entitled to a higher disability rating. The Board explained that, pursuant to 38 C.F.R. § 4.71(a), Diagnostic Code 5215 (governing limitation of motion of the wrist), a 10 percent evaluation was the maximum schedular evaluation available for limitation of the wrist before July 17, 2014 because El Malik did not suffer from ankylosis of the left wrist at that time. App'x22. After July 17, 2014, El Malik suffered from unfavorable ankylosis, and was thus awarded a 40 percent rating. But, because El Malik did not lose use of his left hand, the Board found that he was not entitled to a rating higher than 40 percent. App'x23. Accordingly, the

Board upheld the VA's determination that El Malik was not entitled to an effective date earlier than April 20, 2005 for his left wrist arthritis, nor was he entitled to a greater disability rating during either period. App'x25.

El Malik appealed the Board's decision to the Veterans Court, reiterating his arguments before the Board and seeking a referral for consideration of an extraschedular rating based on the collective effect of multiple service-connected disabilities. On October 12, 2018, the Veterans Court affirmed the Board's decision in a single-judge decision. *El Malik*, 2018 WL 4941013, at *1.

First, as to the effective date of his left wrist arthritis, the Veterans Court explained that, to constitute a claim for benefits, the claim must be in writing, express an intent to apply for benefits, and identify the benefits sought. *Id.* at *2. Because the 2003 Statement lacked any intent by El Malik to apply for benefits and because El Malik only referenced his right wrist in subsequent communications, the Veterans Court affirmed the Board's determination that an earlier effective date was not warranted. *Id.*

Second, the court upheld the Board's determination that El Malik was not entitled to a higher disability rating. The court confirmed the Board's analysis that, under Diagnostic Code 5215, El Malik was already receiving the maximum ratings for his wrist disability—10 percent before July 17, 2014, without evidence of ankylosis, and 40 percent thereafter, without evidence of loss of use of the hand. *Id.* at *3. While El Malik contested the Board's failure to discuss his Kienbock's disease[2] diagnosis or his February

---

[2]    Kienbock's disease is a condition in which one of the small bones in the wrist—the lunate bone—loses blood supply, leading to avascular necrosis, or death of the bone tissue. *Kienböcks Disease*, American Society for the Surgery of the Hand, https://www.assh.org/handcare/hand-

2009 treatment record pertaining to the amputation of the middle finger of his left hand, the Veterans Court found that this evidence did not warrant a higher rating. The court explained that (1) the same examiner who diagnosed the Kienbock's disease also noted that El Malik did not lose use of his left hand, and (2) the amputation of El Malik's middle finger was not an issue before the court. *Id.*

Finally, regarding the collective impact of El Malik's service-connected disabilities and whether it warranted a heightened rating, the court explained that the present regulation, 38 C.F.R. § 3.321(b)(1), "eliminate[d] entitlement to an extraschedular disability rating on a collective basis." *Id.* at *4. The Veterans Court thus concluded that the Board's failure to assess such entitlement was harmless.

On October 26, 2018, El Malik moved for panel review of the single-judge decision. The court granted El Malik's motion and, on January 22, 2019, adopted the single-judge decision as the decision of the court. This appeal followed.

On appeal, El Malik argues that: (1) the Board and the Veterans Court failed to apply the correct law, 38 C.F.R. § 3.156, under which the 2003 Statement should have been treated as an informal, reopened claim for his wrist disability; and (2) in determining the proper disability rating, the Board and the Veterans Court failed to discuss or give proper weight to the entirety of his medical record, including his Kienbock's disease diagnosis.

## II. DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans]

---

arm-conditions/kienbocks-disease (last visited Oct. 7, 2019).

Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." § 7292(d)(2).

El Malik argues that we have jurisdiction over his appeal because he challenges the Veterans Court's interpretation of the law—namely, whether 38 C.F.R. § 3.156 should have been applied. Section 3.156(a) provides, in relevant part, that "[a] claimant may reopen a finally adjudicated legacy claim by submitting new and material evidence." According to El Malik, the 2003 Statement constituted new and material evidence that warranted the reopening of his claim, especially under the sympathetic reading accorded to veterans.

But it is undisputed that El Malik did not submit a claim for disability based on his left wrist before the 2003 Statement. The first mention of his left wrist disability, rather, was in the 2003 Statement. Accordingly, the question for the Board, and later reviewed by the Veterans Court, was whether the 2003 Statement constituted a claim for benefits. Regardless of the answer, § 3.156 was never at issue because, before the 2003 Statement, there was no preexisting claim to reopen. Whether the 2003 Statement constituted a claim for benefits, moreover, is a factual determination outside our jurisdiction. *See, e.g., Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009) ("Whether a veteran has raised a particular claim is a factual determination, outside the purview of our appellate authority."); *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004) ("The interpretation of these prior filings is essentially a factual inquiry, and it is beyond our jurisdiction to make that determination.").

El Malik's remaining arguments fare no better. The determination of the proper disability rating and the weighing of evidence in support of that determination are both factual determinations. *See, e.g.*, *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations."). As such, they are beyond our jurisdiction.

## III. CONCLUSION

We have considered El Malik's remaining arguments and conclude that they do not identify issues over which we have jurisdiction. Because El Malik's appeal presents only challenges to factual determinations or the application of law to facts, we *dismiss* for lack of jurisdiction.

## DISMISSED

## COSTS

No costs.